# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2022

Lyle W. Cayce
Clerk

No. 21-40909
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EDDY ALVAREZ-FLORES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
No. 7:20-CR-359-3

Before SMITH, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

Eddy Alvarez-Flores pleaded guilty of conspiracy to possess with intent to distribute methamphetamine and was sentenced to 120 months of imprisonment. On appeal, he contends that the district court erred in declining to apply the safety-valve provision of U.S.S.G. § 5C1.2. He also main-

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40909

tains that the court erred in applying a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon and in determining that he was not entitled to a mitigating-role adjustment under U.S.S.G. § 3B1.2. But as discussed below, it is unnecessary to address these issues. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

We review the district court's interpretation and application of the Sentencing Guidelines *de novo* and its factual findings for clear error. *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013). There is no clear error if a factual finding is plausible in light of the record as a whole. *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016).

The safety-valve provision in § 5C1.2 permits a district court to sentence a defendant convicted of certain drug offenses "without regard to any statutory minimum sentence" if (1) the defendant has no more than one criminal history point; (2) the defendant did not use violence or a dangerous weapon in connection with the offense; (3) the offense did not result in death or serious bodily injury; (4) the defendant was not a leader, organizer, supervisor, or manager of others in the offense; and (5) no later than the sentencing hearing, the defendant provided to the government all information and evidence he has regarding the offense. § 5C1.2(a); *see* 18 U.S.C. § 3553(f). Although Alvarez-Flores challenges the finding that he used a dangerous weapon in connection with the conspiracy, the district court did not err in determining that he was ineligible for a reduction under the safety-valve provision because he failed to show that he provided all information and evidence he had to the government. *See United States v. Lima-Rivero*, 971 F.3d 518, 521 (5th Cir. 2020).

Because Alvarez-Flores has not demonstrated that a safety-valve reduction was warranted, any error in the application of § 2D1.1(b)(1) for possession of a dangerous weapon or the failure to grant a mitigating-role

No. 21-40909

reduction under § 3B1.2 is harmless because he has already received the lowest sentence possible for his offense. *See* 21 U.S.C. §§ 841(b)(1)(A), 846; *United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009).

AFFIRMED.